UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JULIE MANGIARACINA SCUDERI** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **DNHG, LLC, AND PARK PLACE HEALTHCARE, LLC** | * | **MAG. JUDGE:** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, DNHG, LLC, and Park Place Healthcare, LLC, who file this Notice of Removal to remove Plaintiff's Petition for Damages from the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, to this Court, on the following grounds:

### THE REMOVED CASE

1.

On November 19, 2021, Plaintiff, through her attorneys, filed a Petition for Damages, entitled "*Julie Mangiaracina Scuderi v. DNHG, LLC, and Park Place Healthcare, LLC,*" bearing Docket Number 822-975, Section, "N," (the "Petition"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

2.

On January 6, 2022, certain defendants were served with Plaintiff's original *Petition for Damages* which was left at the reception desk of the law firm of Defendants' agent for service of process. Defendants have taken no action in the 24th Judicial District Court for the Parish of Jefferson prior to this removal.

3.

Attached hereto as Exhibit A is Plaintiff's original *Petition for Damages*. A certified copy of all pleadings in the court records at the 24th Judicial District Court for the Parish of Jefferson has been requested and will be supplied upon receipt.

4.

In her state court *Petition for Damages,* Plaintiff alleges she was transported without her medication, along with hundreds of other nursing home residents, to a warehouse at 129 Calhoun Street, Independence, Louisiana, which is owned by DNHG, LLC. Plaintiff alleges that upon arrival to the warehouse, it "became immediately apparent that the facility was deficient in design" and "posed an unreasonable risk of harm to petitioner." Plaintiff alleges during her stay, she was "assaulted by another patient" and "deprived of nutrition, losing two pant sizes and other necessities of daily living." Plaintiff alleges her damages stem from the acts of negligence of defendants and the unreasonably dangerous condition of the warehouse.

5.

Dozens of lawsuits, including several class actions lawsuits, have been filed regarding the very same facts that underlie Plaintiff's Petition. The first of those was a class action entitled "*Nancy Anderson; Joy Manguno; Jayme Songy, as Curator for Malvina Songy; and Janice Verdin, as representative of Catherine Roussell, individually and on behalf of others similarly situated v. Bob Dean, Jr.; Uptown Healthcare Center, LLC.; Park Place Healthcare, LLC; Raceland Manor Nursing Home, Inc.; Maison De'ville Nursing Home, Inc.; River Palms Nursing & Rehab, LLC ; Maison De'ville Nursing Home of Harvey, LLC.; St. Elizabeth's Caring, LLC.; and Bob Dean Enterprises, Inc.,*" hereinafter referred to as the "*Anderson*" class action. *See* Exhibit B, *First Supplemental and Amended Petition for Class Action, Injunctive Relief, and Damages*. Just like Plaintiff in the instant case, Plaintiffs in the *Anderson* case seek an award of

all appropriate damages on behalf of all Bob Dean, Jr. Nursing Home residents (and any legal representatives thereof) who were evacuated to the so-called warehouse in Independence, Louisiana, as a result of Hurricane Ida. *Id.* at para. 5.

6.

*Anderson* was originally filed on September 6, 2021, and the defendants in that case removed it to this Court on October 15, 2021. The basis for removal was 28 U.S.C. § 1332(d)(2), also known as the Class Action Fairness Act ("CAFA"). Several other class actions arising out of the same event have been removed under CAFA, and were subsequently consolidated with *Anderson* in Section I of this Court (Judge Lance Africk presiding).

7.

Defendants deny the allegations of Plaintiff in the instant matter and the *Anderson* case (and those matters consolidated with it). Defendants assert that the evacuation shelter was adequate for the number of residents involved and was approved by the Louisiana Department of Health & Hospitals in advance of Hurricane Ida. Any inconvenience, discomfort, water intrusion, loss of electricity or other related issues were caused by the effects of the Category 4 hurricane. Nevertheless, at all times, Defendants submit that staff on site took swift action to move residents out of affected areas and into dry buildings. Defendants submit that claims of plaintiff were caused by an act of God, not the negligence of Defendants or their employees.

**BASIS OF JURISDICTION AND REMOVAL**

8.

As will be shown more fully below, the Court has jurisdiction over the instant matter under 28 U.S.C. § 1367, the supplemental jurisdiction statute. The Court has original jurisdiction over *Anderson* and the cases consolidated with it, and because the instant matter is essentially the same case or controversy, the Court may exercise supplemental jurisdiction over this case.

9.

*Anderson* was removed under the Class Action Fairness Act ("CAFA"), which states that "[t]he district courts shall have original jurisdiction of any civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of Plaintiffs is a citizen of a State different from any defendant …." *See* 28 U.S.C. § 1332(d)(2).

10.

Due to the minimal diversity of the parties in *Anderson* (which, admittedly, is disputed), the amount of putative class members, and the amount in controversy exceeding $5,000,000, removal of *Anderson* was proper under CAFA, therefore giving the court original jurisdiction over the *Anderson* matter.

### *28 U.S.C. §1367 AUTHORIZES THE DISTRICT COURTS TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ALL OTHER CLAIMS THAT ARE SO RELATED TO AN ACTION OVER WHICH THE DISTRICT COURT HAS ORIGINAL JURISDICTION*

11.

Removal in this case is not based on CAFA, of course, because the instant case is not a class action. Rather, jurisdiction is based on 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

12.

*Scuderi* and *Anderson* are the same case, the only difference being that *Scuderi* is an individual action and *Anderson* is a class action. Plaintiff's claims in the instant case are based on the same facts and circumstances as the *Anderson* class action, specifically allegations involving

the evacuation of over 840 nursing home residents that were evacuated from facilities owned by Bob Dean to the so-called warehouse in Independence, Louisiana, due to Hurricane Ida.

13.

The claims of Plaintiff in this case and the *Anderson* case arise solely out of one event, the evacuation of nursing home residents due to Hurricane Ida. Plaintiffs in both cases seek damages for alleged injuries suffered during the evacuation. Both cases involve the same evacuation, seek the same redress, and involve residents at the same nursing homes. These were not separate, unrelated incidents, but rather all allegations stemming from one evacuation. The instant matter therefore arises out of the same case or controversy as the *Anderson* case, over which this court has original jurisdiction through CAFA, and therefore this court can exercise Supplemental Jurisdiction under 28 U.S.C. § 1367 and remove the instant case to federal court based on its similarity to and relation with *Anderson.*

### *FEDERAL COURTS HAVE ALLOWED THE EXERCISE OF 1367 SUPPLEMENTAL JURISDICTION IN A CAFA CONTEXT*

14.

In *Thompson v. Target,* plaintiff filed two actions against Target. *Thompson v. Target Corp.*, No. EDCV1600839JGBMRWX, 2016 WL 4119937, at *1 (C.D. Cal. Aug. 2, 2016). The first action asserted two class action claims, while the second action sought civil penalties under the Private Attorney General Act, "PAGA." *Id.* The court acknowledged that based on Ninth Circuit precedent, the PAGA representative actions did not constitute a class action under CAFA. *Id* at 12. The Central District of California noted that although they did not have original jurisdiction over the PAGA claims, the court ruled that because it has original jurisdiction over Plaintiff's class claims under CAFA, the *Court may exercise supplemental jurisdiction* over Plaintiff's PAGA claims. *Id.* The District Court noted that under 28 U.S.C. § 1367(a), "district

courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In denying the motion to remand, the Central District of California ruled because Plaintiff's PAGA and class claims *concern the same misconduct* by Defendant, the PAGA claims are therefore properly within the Court's supplemental jurisdiction. *Id.* Just as in *Thompson,* the class and non-class claims of *Anderson* and *Scuderi,* respectively, concern the same alleged misconduct and therefore the court may exercise supplemental jurisdiction over the non-class claims

15.

In *Safranek v. USAA*, plaintiff filed four lawsuits against USAA arising out of an automobile accident. *Safranek v. USAA Cas. Ins. Co.,* 525 F. Supp. 3d 707, 711 (M.D. La. 2021). Plaintiff filed three lawsuits against USAA regarding the amounts owed to Plaintiff, and one Class Petition, asserting class claims based on an allegation that USAA engaged in misinterpretations of the hit-and-run terms of its policies. *Id.* at 712. USAA removed the matter to the Middle District of Louisiana on the basis of CAFA. Plaintiffs filed a motion to remand, and in the alternative, requested the Court sever and remand all non-class claims raised by plaintiffs prior to removal. *Id.* at *713*. Defendant argued that severance and remand of Plaintiffs' claims is not warranted because Plaintiffs' claims, whether asserted individually or as a class, are factually connected as they all relate to USAA's handling of Plaintiffs' UM claim arising out of the accident. *Id* at 729. In denying the motion to remand, the Middle District of Louisiana reasoned that severance and remand of the individual Plaintiffs' claims was not supported in this case. *Id.* The Middle District stated that the court had jurisdiction over Plaintiffs' claims, individually and as asserted on behalf of the class, for UM benefits and bad faith penalties and damages pursuant to CAFA, *and supplemental jurisdiction over Plaintiffs' related*

*individual claim* challenging USAA's lien on the settlement proceeds pursuant to 28 U.S.C. § 1367. *Id.* at 729-730.

16.

Finally, in *Ayers v. State Farm,* Plaintiff Frank Ayers initiated an action in state court against several defendants asserting numerous individual state-law claims and a putative nation-wide class claim. *Ayers v. State Farm Mut. Auto. Ins. Co.,* No. 617CV1265ORL37TBS, 2017 WL 6524001, at *1 (M.D. Fla. Dec. 21, 2017). Specifically, Plaintiff brought claims against Defendants for: (1) bad faith; (2) fraud; and (3) tortious interference (collectively, "Individual Claims"). *Id.* Based on its alleged obligation to provide Plaintiff with counsel and reimbursement of fees, plaintiff also brought a putative class action claim for breach of contract against State Farm ("Class Claim"). *Id.* Defendant State Farm removed the class claim under CAFA, but defendants also argued that the Court had supplemental jurisdiction over the Individual Claims. *Id.* The Middle District of Florida, Orlando Division, concluded that § 1367 applied, reasoning that when Congress intends to preclude application of § 1367, it says so. *Id.* at 2. Because no language precluding § 1367 appears in CAFA, which Defendants invoked in this case, this court concluded that § 1367 applied. *Id.* at 2. The *Ayers* court ultimately decided not to exercise supplemental jurisdiction, but this was because the individual claims and class claims would require different witnesses, evidence, and facts. This is clearly distinguishable from the instant case, in which the *Anderson* and *Scuderi* cases would require the same evidence, facts, and witnesses.

17.

The same rationale applies in this case. Both the instant matter and *Anderson* (as well as the cases consolidated with it) arise out of the same set of facts and circumstances. As the cases cited above establish, CAFA and section 1367 jurisdiction are harmonious, and the Court may

02493069-1                                        7

exercise supplemental jurisdiction over individual state-law claims when they form the same case or controversy as class actions over which the Court has original jurisdiction under CAFA.

### *SUPPLEMENTAL JURISDICTION WOULD CONSERVE RESOURCES, SAVE TIME AND PROMOTE JUDICIAL ECONOMY*

18.

By exercising supplemental jurisdiction over this matter, the Court would save all parties time and expense by coordinating actions that arise out of the same facts. In fact, because a ruling in *Anderson* would preclude the claims of Plaintiff in the instant matter, it is critical that the cases be consolidated to prevent a complete waste of judicial resources.

19.

First, *Anderson*'s class action allegations are rooted, at least in part, in La. Code Civ. Proc. art. 591(B)(2), which gives rise to a class action when the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. *See* Exhibit B, para. 69.

20.

The filing of an individual lawsuit is not a means of requesting exclusion from a class. *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 11-2835 (La. 11/2/12), 125 So.3d 1057, 1068. In fact, the law does not provide any mechanism for members of an injunctive class action to "opt out" of the class in the first place. *Ansardi v. La. Citizens Property Ins. Co.*, 11-1717 (La. App. 4 Cir. 3/1/13), 111 So.3d 460, 483. Therefore, although Plaintiff has instituted a separate suit, she is still a putative member of the class proposed by *Anderson*.

21.

Because the Plaintiff in this case remains a putative class member, a ruling in Anderson

will bind this Plaintiff under the theory of claim preclusion. "The general rule is that a judgment in a class action will bind the absent members of the class." *Gomez v. Aardvark Contractors, Inc.*, No. CV 18-4186, 2020 WL 2473771, at *4 (E.D. La. May 13, 2020). This is true "even though the member had filed a claim or instituted a personal suit before the decision in the class action." *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 996 (5th Cir. 1981); *see Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874, 104 S. Ct. 2794, 2798, 81 L. Ed. 2d 718 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."). It would therefore be a waste of time, effort, and expense for the parties to litigate the instant matter in state court only to find that the entire proceedings were bound by a ruling in *Anderson*, which is likely to reach its conclusion more quickly before this Court.

22.

The exercise of supplemental jurisdiction would occasion no prejudice on this Plaintiff, who may, "of course, seek to intervene in the class action and may contend for intervention, or object to the binding effect of a class action judgment, on the ground that [they were] not adequately represented in the class action." *Pappillion v. Louisiana Dep't of Pub. Safety & Corr.*, No. CV 19-117-SDD-SDJ, 2021 WL 4484992, at *3 (M.D. La. Sept. 3, 2021), *report and recommendation adopted,* No. CV 19-117-SDD-SDJ, 2021 WL 4480991 (M.D. La. Sept. 29, 2021). Accordingly, the exercise of supplemental jurisdiction is both proper and efficient.

*REMOVAL IS TIMELY*

23.

Defendants show that this Notice of Removal is timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446, because it is being removed within 30 days after the service of the Citation and Petition for Damages upon Defendants. *See* Fed. R. Civ. P. 6(a)(1)(C).

### *ALL DEFENDANTS JOIN IN THE REMOVAL*

24.

All Defendants hereby join in the removal.

### *VENUE*

25.

The venue of this removal action is a proper venue pursuant to the provisions of 28 U.S.C. §1441(a), inasmuch as the United States District Court for the Eastern District of Louisiana embraces Jefferson Parish and the 24th Judicial District Court for the Parish of Jefferson, the location of the pending state court action.

26.

Based on the foregoing, Defendants have shown that the Plaintiff's Petition for Damages is properly removable to this Court pursuant to the provisions of 28 U.S.C. §1441, *et seq.*

27.

Written notice of the filing of this removal is being provided to the adverse parties, as required by law.

28.

A true copy of this Notice of Removal is also being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, as required by law.

**WHEREFORE** Defendants pray that Plaintiff's Petition for Damages be removed to this Court, that this Court accept jurisdiction of Plaintiff's petition, and that the case be placed on the docket of this Court for further proceedings, as though it had originally been instituted in this Court.

Respectfully submitted:

                                          **DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

                                          s/Philip G. Watson
                                          _____
                                          **ANDREW D. WEINSTOCK #18495**
                                          **PHILIP G. WATSON #31356**
                                          **MEREDITH N. WILL #39387**
                                          **JOSEPH C. MCALOON #39977**
                                          Three Lakeway Center, Suite 2900
                                          3838 N. Causeway Boulevard
                                          Metairie, LA 70002
                                          Telephone: (504) 832-3700
                                          Facsimile (504) 837-3119
                                          andreww@duplass.com
                                          pwatson@duplass.com
                                          mwill@duplass.com
                                          jmcaloon@duplass.com
                                          **Counsel for Defendants, DNHG, LLC, and Park Place Healthcare, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st of January 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

                        s/Philip G. Watson

                        _____
                        PHILIP G. WATSON